J-A29039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN J. MILLER | : | |
| | : | |
| Appellant | : | No. 235 MDA 2020 |

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001074-1997

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 25, 2021**

Appellant, Kevin J. Miller, appeals from the order of the Court of Common Pleas of Dauphin County that dismissed his March 2019 Post Conviction Relief Act (PCRA)[1] petition as untimely.  We affirm.

In 1997, Appellant was charged with rape, involuntary deviate sexual intercourse (IDSI), indecent assault, corruption of the morals of a minor, statutory sexual assault[2] and other offenses for sexually assaulting his 12-year old step-daughter.  On February 10, 1998, Appellant pled guilty to rape, IDSI, indecent assault, corruption of the morals of a minor, and statutory

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3121, 3123, 3126, 6301, and 3122.1, respectively.

sexual assault under a plea agreement that provided that his minimum imprisonment sentence would be 5 years, but that the trial court was not restricted with respect to the maximum sentence. N.T. Guilty Plea at 3, 5-6, 12-14, 17-18; N.T. Sentencing at 3-4. On November 16, 1998, the trial court sentenced Appellant to 5 to 20 years for the rape conviction and imposed concurrent sentences of 2 and $^1/_2$ to 5 years for both indecent assault and corruption of the morals of a minor. N.T. Sentencing at 10-12; Sentencing Order at 1-2. For the IDSI conviction, the trial court sentenced Appellant to 20 years of probation to "commence upon the date of any parole granted" from the 5-to-20 year rape sentence and "run concurrent with that parole time." N.T. Sentencing at 11; **see also** Sentencing Order at 2 (stating that IDSI 20-year probation sentence is "concur. w. Parole time of ct.1"). The statutory sexual assault conviction merged with the rape and IDSI convictions. N.T. Sentencing at 9-11; Sentencing Order at 2.

Appellant did not file a direct appeal from his judgment of sentence. **Commonwealth v. Miller**, No. 1889 MDA 2014, unpublished memorandum at 6 (Pa. Super. filed August 28, 2015). Between December 1999 and October 2015, Appellant filed numerous PCRA petitions, all of which were denied or dismissed. In November 2018, Appellant filed an additional *pro se* PCRA petition alleging that his guilty plea and sentence were products of alleged fraud and asserting claims of ineffective assistance of counsel.

Appellant was not paroled from his 5-to-20 year sentence and on December 3, 2018, was released from prison after having served the full 20-year maximum sentence. Upon his release from prison, Appellant began serving the 20-year probation sentence. On March 6, 2019, after his release from prison and while the November 2018 PCRA petition was pending before the trial court, Appellant filed the instant counseled PCRA petition asserting that his sentence of 20 years' probation was concurrent to his 5-to-20 year sentence and seeking an order terminating his probation.[3] On April 23, 2019, the trial court held a hearing on the March 2019 PCRA petition at which the trial judge who had sentenced Appellant testified concerning the sentence that he imposed on Appellant.

On September 24, 2019, the trial court dismissed Appellant's November 2018 PCRA petition. Appellant did not appeal from the dismissal of that PCRA petition. On January 17, 2020, the trial court dismissed Appellant's March 2019 PCRA petition as untimely. Trial Court Order, 1/17/20; Trial Court Statement in Lieu of Rule 1925(a) Opinion. On February 6, 2020, Appellant timely filed this appeal from the dismissal of his March 2019 PCRA petition. Appellant presents the following single issue for our review in this appeal:

> Whether the PCRA court erred by denying Appellant's PCRA petition challenging the legality of his sentence where the court

---

[3] Appellant originally titled the March 2019 PCRA petition as a "Post-Sentence Motion *Nunc Pro Tunc* to Correct Error Regarding Execution of Defendant's Sentence." Appellant, however, concedes that this filing was a PCRA petition and refiled it as a PCRA petition.

sentenced him to serve 5 to 20 years confinement on Count 1 [rape] and at Count 2 [IDSI] a sentence of 20 years of probation to be serve conconcurrently [*sic*] with any parole on Count 1?

Appellant's Brief at 4.

As the trial court correctly held, the courts must address whether Appellant's March 2019 PCRA petition was timely filed before addressing the merits of the PCRA petition. The PCRA provides that

[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). This time limit is jurisdictional, and a court may not ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Whiteman***, 204 A.3d 448, 450-51 (Pa. Super. 2019); ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on December 16, 1998, upon the expiration of the 30-day period to file an appeal. 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition, filed more than 20 years after the judgment became final, is patently untimely unless Appellant has alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii). These exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The only timeliness exception that Appellant contends applies here is Section 9545(b)(1)(ii), the exception for newly-discovered facts. Appellant contends that he did not know that his probation sentence would start to run after he finished serving his 5-to-20 year sentence until he was released from prison on December 3, 2018 and that he filed his PCRA petition less than a year after he learned that fact.

We do not agree that these assertions satisfy the requirements of Section 9545(b)(1)(ii). This timeliness exception applies only where the convicted defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019); *Commonwealth v. Taylor*, 933 A.2d 1035, 1040-41 (Pa. Super. 2007). Mere allegations that the convicted defendant did not learn of facts until

shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information earlier, are insufficient to satisfy Section 9545(b)(1)(ii)'s exception for newly-discovered facts. ***Sanchez***, 204 A.3d at 526-27; ***Pew***, 189 A.3d at 489-90; ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286-87 (Pa. Super. 2008); ***Taylor***, 933 A.2d at 1040-42.

Here, Appellant, if he had acted with diligence, would have known years before 2019 that his probation sentence would run consecutively to his maximum 20-year sentence if he was not paroled from that sentence. Appellant knew from his sentencing in 1998 that the probation was concurrent only with respect to parole from the 5-to-20 year prison sentence, not concurrent to the entire the 5-to-20 year sentence. N.T. Sentencing at 11; Sentencing Order at 2. Appellant thus knew in 1998 that the probation would extend beyond the 5-to-20 year prison sentence, even if he were granted parole at the earliest possible date, and that the date that his 20 years' probation would begin to run would depend on when he was granted parole. Indeed, in 2015, more than three years before he filed this PCRA petition, Appellant also received notice, from a decision of this Court affirming the dismissal of one of his prior PCRA petitions, that the trial court characterized his sentence as "an aggregate term of five to twenty years' incarceration at a state correctional institution, **followed by twenty years of conditional**

**probation**." *Miller*, No. 1889 MDA 2014, unpublished memorandum at 2 (quoting Trial Court Opinion, 12/3/14) (brackets omitted, emphasis added).

While the trial court in imposing sentence did not discuss the possibility that Appellant would not be paroled and would serve the full 20 years, Appellant could have sought clarification of the sentence if he was not sure when his probation would commence in the absence of parole. Had he done so, he would have learned years before he filed the March 2019 PCRA petition that if he was not paroled, the probation sentence would not begin to run until he was released from prison at the end of his maximum sentence and that he was to be under supervision for a full 20 years after he was released from prison, whether he was released on parole or at the end of 20 years' imprisonment. N.T. PCRA Hearing, 4/23/19, at 9-11, 14-20, 24, 26-27.

Appellant, however, did not seek clarification, even in 2004, after he was not paroled after serving his minimum sentence, or in 2015, after he had additional notice that the probation would not begin until his release from prison. Appellant has not alleged that anything prevented him from seeking clarification and challenging his probation sentence earlier. Because the newly discovered fact that Appellant asserts as a basis for timeliness could have been ascertained by him years before he filed this PCRA petition if he had exercised due diligence, Appellant has not alleged or proved an exception to the PCRA's one-year time limitation. and the trial court properly dismissed the

PCRA petition as untimely. *Sanchez*, 204 A.3d at 526-27; *Pew*, 189 A.3d at 489-90; *Perrin*, 947 A.2d at 1286-87; *Taylor*, 933 A.2d at 1042.

Appellant argues that he was not required to show that his PCRA petition was timely filed because the sentence was allegedly illegal. This is without merit. A claim that a sentence is illegal is not subject to waiver. *See, e.g., Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000). The issue here, however, is jurisdiction, not waiver. As noted above, a claim of illegality of sentence does not provide an exception to the time limitations of the PCRA, and the courts lack jurisdiction to address a claim that a sentence is illegal where the PCRA petition is filed more than one year after the judgment of sentence became final and none of the three timeliness exceptions has been shown to apply. *Fahy*, 737 A.2d at 223; *Whiteman*, 204 A.3d at 450-51; *Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa .Super. 2017); *Commonwealth v. Jackson*, 30 A.3d 516, 521-23 (Pa. Super. 2011). Because this PCRA petition was filed more than 20 years after Appellant's judgment of sentence became final and none of the timeliness exceptions is applicable, the trial court's dismissal of the PCRA petition was proper even if Appellant's probation sentence were illegal.

Appellant also argues that the trial court has jurisdiction to grant the PCRA relief he seeks because courts have an inherent power to correct patent and obvious errors in sentencing orders under *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007). This argument fails for two reasons. First, Appellant

has not shown that there was any error in the sentence, let alone a patent error. To the contrary, the commencement of Appellant's 20 years' probation upon his release from imprisonment is consistent with the trial court's direction that the probation be concurrent only with parole from that sentence. Indeed, the record demonstrates that this was in fact the intent of the trial judge who imposed that sentence. N.T. PCRA Hearing, 4/23/19, at 9-11, 14-20, 24, 26-27. Secondly, the trial court's inherent power under *Holmes* to correct patent errors does not apply to untimely PCRA petitions and does not give a court jurisdiction to grant an untimely PCRA petition. *Whiteman*, 204 A.3d at 450-51; *Jackson*, 30 A.3d at 522-23.

Because the trial court correctly concluded that Appellant's March 2019 PCRA petition was untimely, we affirm its order dismissing the PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/25/2021